RAFAEL E. ALVARADO JR. (SBN 247904)
City Attorney
CITY OF FREMONT
3300 Capitol Avenue, Bld. A
Fremont, CA 94537-5006
Tel: (510) 284-4030
Fax: (510) 284-4031

PATRICK MORIARTY, State Bar No. 213185
pmoriarty@cmtrlaw.com
JOHN B. ROBINSON, State Bar No. 297065
jrobinson@cmtrlaw.com
CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue,
Daly City, CA 94015
Telephone: (415) 213-4098

Attorneys for Defendants
CITY OF FREMONT and CHRISTOPHER BORZONE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE RILES, an individual; | Case No. |
| Plaintiff, | ALAMEDA COUNTY SUPERIOR COURT CASE NO. 24CV071683 |
| v. | |
| CITY OF FREMONT, a Public Entity; CHRISTOPHER BORZONE, an individual; and DOES 1 TO 10; | **DEFENDANT CITY OF FREMONT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION); DEMAND FOR JURY TRIAL** |
| Defendants. | |

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

**TO THE CLERK OF THE COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1331, Defendant CITY OF FREMONT ("City") hereby removes this action from the Superior Court of California County of Alameda (Case No. 24CV071683) to the United States District Court for the Northern District of California.

## JURISDICTION

1.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(c) in that this action involves a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331) and a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute.

2.      Defendant removes this action to this Court under 28 U.S.C. § 1441(a) because this action includes questions of federal law under 42 U.S.C. § 1983, and this District Court embraces the place where the state action is pending.

## VENUE

3.      Venue in this division of this Court is proper because the events underlying the allegations in the Complaint took place in the City of Fremont within the County of Alameda, California.

## REMOVAL

4.      On April 12, 2024, Plaintiff Charlotte Riles ("Plaintiff") filed a Complaint in Alameda County Superior Court, Case No. 24CV071683. The case was assigned to Judge Peter Borkon in Department 15 at the Renee C. Davidson Courthouse (Case No. 24CV071683). The case is set for an initial case management conference on September 3, 2024. A true and correct copy of that unverified Complaint, along with copies of all other process, pleadings, and orders served upon defendants in that action, is attached hereto as **Exhibit A**.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

5. Plaintiff named two defendants: (1) the City of Fremont and (2) Officer Christopher Borzone.

6. Plaintiff alleged that FPD Officer Christopher Borzone violated her constitutional rights on April 19, 2023 when he conducted a traffic stop on plaintiff.

7. A defendant's 30-day period to remove an action to federal court runs from the formal date of service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ["one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend," not by mere receipt of the complaint unattended by any formal service]. Additionally, pursuant to Federal Rules of Civil Procedure Rule 4 (c)(1), service of an action requires a summons be served with a copy of the complaint.

8. This Notice of Removal is timely filed. The Complaint was served upon these removing Defendants on April 17, 2024.

9. Defendants "DOES 1 through 10" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action. Therefore, the fictitiously-named defendants are not parties to the above-captioned action and need not join or consent to Defendants' Notice of Removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the notice of removal); 28 U.S.C. § 1441(a).

10. Unidentified defendants sued as "Does" need not join in a Notice of Removal. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1313 (9th Cir. 1980).

11. Any civil action commenced in a state court may be removed by a defendant to federal court if the action might have been originally brought by a plaintiff in federal court. 28 U.S.C. § 1441(a).

12. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. Pursuant to § 1331, this Court has jurisdiction over this action because it could have been brought by Plaintiff in federal

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

court on federal question grounds as Plaintiff asserts a cause of action for violation of 42 U.S.C. section 1983.

13.    Plaintiff alleges four causes of action: (1) "Unlawful Seizure in Violation of 42 U.S.C. § 1983", (2) "Unlawful Search in Violation of 42 U.S.C. § 1983", (3) "Malicious Prosecution in Violation of 42 U.S.C. § 1983", and (4) "Malicious Prosecution." (See Complaint, attached as **Exhibit A**). The First, Second, and Third Causes of Action allege Fourth and Fourteenth Amendment violations. *Id.* These are constitutional questions. Therefore, the Court has subject matter jurisdiction.

**PROCEDURAL REQUIREMENTS**

14.    If removed, the case will be properly venued in the Northern District of California. The case has been timely removed because it has been filed within 30 days of service of the Complaint.

15.    After filing this Notice of Removal, the City will promptly serve written notice of this Notice of Removal on Plaintiff and file the same with the Clerk of the Superior Court of California County of Alameda pursuant to 28 U.S.C. § 1446(d).

16.    Accordingly, this Notice of Removal is timely and proper.

**NON-WAIVER OF DEFENSES**

17.    By removing this action from the Superior Court of California County of Alameda, the City does not waive any defenses available to it. Similarly, the City does not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, the City prays that this action be removed to this Court.

Respectfully submitted,

Dated:  May 17, 2024                    CASTILLO, MORIARTY, TRAN & ROBINSON, LLP

By:  __/s/ Patrick Moriarty__
       PATRICK MORIARTY
       JOHN B. ROBINSON
       Attorneys for Defendants
       CITY OF FREMONT and CHRISTOPHER BORZONE

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**04/12/2024 at 09:29:43 AM**
By: Damaree Franklin,
Deputy Clerk

GREGORY L. KIRAKOSIAN   (SBN 294580)
 [greg@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

*Attorneys for Plaintiff,*
CHARLOTTE RILES

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CHARLOTTE RILES, an individual;<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY OF FREMONT, a Public Entity; CHRISTOPHER BORZONE, and individual; and DOES 1 through 10;<br><br>Defendant(s). | CASE NO.:  24CV071683<br><br>**PLAINTIFF'SCOMPLAINT FOR DAMAGES**<br><br>1. Unlawful Seizure in Violation of 42 U.S.C. § 1983;<br>2. Unlawful Search in Violation of 42 U.S.C. § 1983;<br>3. Malicious Prosecution in Violation of 42 U.S.C. § 1983; and<br>4. Malicious Prosecution<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.      Plaintiff CHARLOTTE RILES (collectively "Plaintiff"), hereby files this Complaint for Damages and Demand for Jury Trial against Defendants CITY OF FREMONT, Officer CHRISTOPHER BORZONE, and DOES 1 through 10 (collectively "Defendants"). This Complaint seeks compensatory and punitive damages against Defendants in connection to an Unlawful Stop, Search, and Seizure incident that occurred on April 19, 2023, at approximately 10:30 a.m. to 12:00 p.m., in the City of Fremont, in the County of Alameda.

**PARTIES**

2.      At all relevant times, Plaintiff CHARLOTTE J. RILES was an individual residing in the County of Alameda, California.

3.      At all relevant times, Defendant Officer CHRISTOPHER BORZONE, was an individual residing in the County of Alameda, California. At all relevant times, Defendant was acting under the color of law within the course and scope of his employment and duties as an agent for Defendant City of Fremont. At all relevant times, Defendant was acting with the complete authority and ratification of his principal, Defendant City of Fremont. Defendant City of Fremont is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

4.      At all relevant times, Defendants DOES 1 - 10, were individuals residing in the County of Alameda, California. At all relevant times, Defendants were acting under the color of law within the course and scope of their employment and duties as agents for Defendant City of Fremont. At all relevant times, Defendants were acting with the complete authority and ratification of their principal, Defendant City of Fremont. Defendant City of Fremont is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

5.      At all relevant times, Defendant CITY OF FREMONT is and was a governmental entity organized and existing under the laws of the State of California in

KIRAKOSIAN LAW, APC

the County of Alameda, California. City of Fremont is a chartered subdivision of the State of California with the capacity to be sued. City of Fremont is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees. At all relevant times, Defendant City of Fremont was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California.

6.      Pursuant to California Government Code §§ 910 and 911, *et seq.,* Defendant City of Fremont was timely served with a claim for damages on or about March 14, 2024, with respect to the Malicious Prosecution claim which arose on January 12, 2024 when the unlderlying charges were dismissed.  The claim for damages was deemed rejected on or about April 2, 2024.  In accordance with Government Code § 945.6, Plaintiff filed this complaint within six months of the date of that rejection.

7.      The true names and/or capacities, whether individual, corporate, associate, or otherwise of Defendant DOES 1 through 10 are unknown to Plaintiff at this time and therefore Plaintiffs file this Complaint against said DOE Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this complaint when the true names and capacities of said DOE Defendants are ascertained.

8.      Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

9.      Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, all Defendants, including DOE Defendants, are contractually, strictly, vicariously liable and/or otherwise legally responsible in some

PLAINTIFF'S COMPLAINT FOR DAMAGES

KIRAKOSIAN LAW, APC

manner for each and every act, omission, obligation, event or happening set forth in this Complaint. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, each defendant as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

10.    Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, each of the Defendants and DOE Defendants, in addition to acting for himself, herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent, and permission of each and all the Defendants.

11.    Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, the acts of each of the Defendants were fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, the actions, failures to act, and breaches alleged herein are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12.    On April 19, 2023, Plaintiff was employed by an auto dealership, Mercedes Benz of Fremont, located at 5760 Cushing Parkway, Fremont, CA 94538.

13.    Like other dealerships in the area, Plaintiff's employer maintains most of its vehicles on their own parking lot, with additional vehicles legally parked on the street.  All dealership vehicles have lawful and legal "dealership" plates.

14.    On April 19, 2023, at approximately 10:30 a.m. to 12:00 p.m., Plaintiff went to obtain one of the dealership vehicles parked on the street directly in front of the dealership.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**KIRAKOSIAN LAW, APC**

15. While Plaintiff was driving the vehicle into the dealership parking lot, she obeyed all traffic laws and pulled the vehicle into the dealership parking lot.

16. Defendant Officer BORZONE, without a reasonable suspicion or probable cause conducted a traffic stop of Plaintiff while she was inside the dealership and driving the vehicle with dealership plates.

17. Defendant BORZONE was aggressive, combative, and made various threats toward Plaintiff.

18. Despite Plaintiff obeying all commands, being employed by the dealership, driving a vehicle with dealership plates, showing Officer BORZONE a picture of her license (which she had her actual license in her purse inside the dealership), Officer BORZONE wrongfully charged her with failure to display license plate, failure to maintain a valid driver's license, and failure to yield to emergency vehicle.

19. Based on the facts readily available and known to Defendants, no reasonable conclusion could be drawn that Plaintiff had committed, was committing, or was about to commit any crime, and violated no laws that required Plaintiffs to be searched, seized, and cited. No objective facts readily available and known to Defendants. Further, Defendant Officers' actions violated not only their training and standard police officer training, but all common sense and human decency.

20. The charges against Plaintiff were dismissed on January 12, 2024.

21. As a result of the foregoing, Plaintiffs suffered damages including, but not limited to: past and future economic and non-economic losses, including the violation of her civil rights.

22. On April 19, 2023, the Officer BORZONE searched and seized the Plaintiff's person, property, and vehicle.

23. Specifically, by means of force and a show of authority, Officer BORZONE commanded and ordered that the Plaintiff refrain from moving and/or leaving the location of the interaction.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

24.    At all relevant times, the encounter was not a consensual encounter, seizure, or search and Plaintiff were not at liberty to ignore the police presence and go about Plaintiff's business.

25.    At all relevant times before Officer BORZONE conducted the search and seizure, Officer BORZONE did not have a warrant to conduct the search and seizure.

26.    At all relevant times before and at the time Officer BORZONE conducted the search and seizure, Officer BORZONE did not have the express consent of Plaintiff to conduct the search and seizure.

27.    At all relevant times before, during, and after Officer BORZONE conducted the search and seizure, Officer BORZONE did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

28.    At all relevant times before Officer BORZONE conducted the seizure, the Plaintiff had not, did not, and was not about to commit any crime.

29.    At all relevant times before Officer BORZONE conducted the seizure, the Plaintiff had not been arrested and were not subject to a lawful arrest.

30.    At all relevant times before and at the time Officer BORZONE conducted the seizure, there was no lawful basis that would justify the scope or length of the seizure.

31.    At all relevant times before and at the time Officer BORZONE conducted the search and seizure, there were no facts apparent to Officer BORZONE that would lead Officer BORZONE to believe that Plaintiff might gain possession of a weapon.

32.    At all relevant times before Officer BORZONE conducted the search and seizure, there were no facts apparent to Officer BORZONE that would lead Officer BORZONE to reasonably believe that Plaintiff might destroy or hide evidence.

33.    At all relevant times before Officer BORZONE conducted the search and seizure, there were no facts apparent to Officer BORZONE that would lead Officer BORZONE to reasonably believe that there were any exigent circumstances where there was insufficient time to get a search warrant.

KIRAKOSIAN LAW, APC

34.   When conducting the search and seizure, Officer BORZONE violated Plaintiff's rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth and Fourteenth Amendment to the United States Constitution.

35.   Officer BORZONE conducted the seizure, as described herein, and did so intentionally, in that it was their conscious objective to search and seize Plaintiff.

36.   Based on the objective facts readily available and known to Officer BORZONE, no reasonable conclusion could be drawn that Plaintiff had committed, was committing, or was about to commit any crime.

37.   Based on the objective facts readily available and known to Officer BORZONE, no reasonable conclusion could be drawn to conclude that the search was reasonable or lawful under the circumstances.

38.   Further, Officer BORZONE violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

39.   Officer BORZONE knew that his conduct could and would likely result in the violation of Plaintiff's civil rights.

40.   Officer BORZONE knew that his conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

41.   Officer BORZONE disregarded the risks that his conduct would likely result in a violation of rights and cause damages to Plaintiff.

### FIRST CLAIM FOR RELIEF

### Unlawful Seizure in Violation of 42 U.S.C. § 1983

(*Plaintiff Against* Officer BORZONE *and DOES 1 - 10*)

42.   Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

KIRAKOSIAN LAW, APC

43.    As described herein, Officer BORZONE seized Plaintiff's person, property, and vehicle, and did so intentionally, and unreasonably.

44.    As described above, Officer BORZONE did not have a warrant, did not have the consent, and did not have any lawful or just cause to stop, seize, search, or arrest Plaintiff.

45.    The conduct and actions of Officer BORZONE deprived Plaintiff of rights guaranteed under the Fourth Amendment to the Constitution.

46.    As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and violation of Plaintiff's civil rights.

47.    As a result of the misconduct alleged herein, Officer BORZONE is liable for Plaintiff's injuries, either because they were integral participants in the wrongful siezure, or because they failed to intervene to prevent these violations.

48.    Due to the conduct of Officer BORZONE, and each of them, Plaintiff have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's  damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

49.    Officer BORZONE acted in a willful, wanton, malicious, and oppressive mannter with a conscious disregard of Plaintiff's  rights conferred upon Plaintiff by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing Plaintiff injury and arresting Plaintiff without probable cause. In so acting, Officer BORZONE manifested a reckless disregard for Plaintiff's  rights, so as to justify the assessment of punitive and exemplary damages against Officer BORZONE in a sum to be established according to proof.

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

KIRAKOSIAN  LAW, APC

## SECOND CLAIM FOR RELIEF

### Unlawful Search in Violation of 42 U.S.C. § 1983

(*Plaintiff Against* Officer BORZONE *and DOES 1 - 10*)

50.    Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51.    As described herein, Officer BORZONE searched Plaintiff's person, property, and vehicle, and did so intentionally, and unreasonably.

52.    As described above, Officer BORZONE did not have a warrant, did not have the consent, and did not have any lawful or just cause to stop, seize, search, or arrest Plaintiff.

53.    The conduct and actions of Officer BORZONE deprived Plaintiff of rights guaranteed under the Fourth Amendment to the Constitution.

54.    As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses and violation of Plaintiff's civil rights.

55.    As a result of the misconduct alleged herein, Officer BORZONE is liable for Plaintiff's injuries, either because they were integral participants in the wrongful search, or because they failed to intervene to prevent these violations.

56.    Due to the conduct of Officer BORZONE, and each of them, Plaintiff have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's  damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

57.    Officer BORZONE acted in a willful, wanton, malicious, and oppressive mannter with a conscious disregard of Plaintiff's  rights conferred upon Plaintiff by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing Plaintiff injury and arresting Plaintiff without probable cause. In so acting, Officer

KIRAKOSIAN  LAW, APC

BORZONE manifested a reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against Officer BORZONE in a sum to be established according to proof.

## THIRD CLAIM FOR RELIEF

### Malicious Prosecution in Violation of 42 U.S.C. § 1983

(*Plaintiff Against* Officer BORZONE *and DOES 1 - 10*)

58.     Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59.     As alleged herein, Officer BORZONE wrongfully searched, seized, and detained Plaintiff without consent, reasonable suspicion, or probable cause. When doing so, Defendants violated Plaintiff's rights to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth and Fourteenth Amendment to the United States Constitution.

60.     Defendant BORZONE directly participated and/or aided and abetted in the wrongful conduct alleged herein and engaged in efforts to conceal evidence, fabricate evidence, cover up said conduct by providing false testimony, preparing or authorizing or approving false reports, and/or aiding and abetting the preparation, authorization, or approval of false reports that contain material omissions and/or falsehoods to secure an arrest and maliciously prosecute Plaintiff.

61.     The Fourteenth Amendment protects Plaintiff against being subjected to unlawful criminal charges on the basis of false evidence that was deliberately fabricated and/or suppressed by Officer BORZONE. Here, Defendants deprived Plaintiff's rights under the Fourteenth Amendment when they fabricated and suppressed evidence in an effort to falsely charge and prosecute Plaintiff. Specifically, Defendants fabricated events that did not occur, Plaintiff's statements that did not occur, observations that they did not make, and other circumstances to make their unlawful stop, seizure, and arrest of Plaintiff appear lawful and to ultimately charge and prosecute Plaintiff.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

KIRAKOSIAN LAW, APC

62. Despite Defendant BORZONE's knowledge and/or conscious reckless disregard that they had no probable cause or reasonable suspicion to search and seize Plaintiff, as well as their knowledge that Plaintiff was innocent of such charges, Defendant BORZONE continued their investigation and citation of Plaintiff in an attempt to cover up their misconduct wrongfully charge and prosecute Plaintiff.

63. Moreover, Despite Defendant's knowledge that there was evidence favorable to Plaintiff's innocence and illustrated their illegal search and seizure of Plaintiff, Defendant suppressed and failed to disclose such evidence in an effort to cover up their misconduct and wrongfully criminally charge and prosecute Plaintiff.

64. Defendant BORZONE knew that their conduct could and would likely result in the violation of Plaintiff's civil rights and would result in further significant injury or the unnecessary and wanton infliction of emotional distress but disregarded those risks and contributed and caused damages to Plaintiff.

65. As a result of the foregoing, Plaintiff suffered damages including, but not limited to: past and future economic and non-economic losses, including the violation of her civil rights.

66. As a result of their misconduct, Defendant is liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

67. Due to the conduct of Defendant, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

68. Defendant acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing him injury and arresting him without probable cause.

/ / /

PLAINTIFF'S COMPLAINT FOR DAMAGES

## FOURTH CLAIM FOR RELIEF

### Malicious Prosecution

(*Plaintiff Against All Defendants*)

69.     Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

70.     As alleged herein, Plaintiff is informed and believe and thereon alleges that the wrongful conduct of Defendant BORZONE, including bringing charges against Plaintiff without probable cause, was improper and done so with a wrongful motive.

71.     The charges against Plaintiff were dropped due to a lack of prosecution by Defendant BORZONE on January 12, 2024. As such, Plaintiff was successful in defeating the false charges brought against her.

72.     At all relevant times, Defendant BORZONE was acting as agents for his employer, the CITY OF FREMONT and the Fremont Police Department, and within the scope of his employment.

73.     Defendant BORZONE's conduct was motivated and arose, in whole or in part, by a desire to serve his employer, the CITY OF FREMONT. The CITY OF FREMONT is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

74.     In doing the acts herein alleged, Defendant Office BORZONE acted with malice and oppression in knowingly, purposefully, and intentionally committing the conduct. Said conduct was vile and despicable in that Defendants knew that their conduct would cause Plaintiff harm and cause him to suffer extreme emotional distress but continued their unlawful conduct. Defendants acted with oppression and malice and is therefore liable for punitive damages.

/ / /

PLAINTIFF'S COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CHARLOTTE RILES, prays for relief and judgment against all Defendants CITY OF FREMONT, Officer CHRISTOPHER BORZONE, and DOES 1 through 10 as follows:

1. For past and future general damages in an amount to be determined by proof at trial;

2. For past and future special damages in an amount to be determined by proof at trial;

3. For punitive and exemplary damages against the Individual Officers;

4. For reasonable attorneys' fees and costs as provided by statute;

5. For all penalties as provided by statute;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all causes of action alleged in this Complaint for Damages.

Date:  April 12, 2024

KIRAKOSIAN LAW, APC

By _____
GREG L. KIRAKOSIAN
RAFFI S. BATANIAN

*Attorneys for Plaintiff,*
CHARLOTTE RILES

KIRAKOSIAN LAW, APC

- 13 -

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Kirakosian Law, APC<br>Gregory Kirakosian SBN 294580<br>11684 Ventura Blvd., Suite 975<br>Studio City, CA 91604<br><br>TELEPHONE NO:  (213) 986-5389     FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  greg@kirakosianlaw.com<br>ATTORNEY FOR *(Name)*:  Plaintiff | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>04/17/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ L. Bun _____ Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Alameda
  STREET ADDRESS:  2233 Shore Line Drive
  MAILING ADDRESS:
  CITY AND ZIP CODE:  Alameda, 94501
  BRANCH NAME:  ALAMEDA SUPERIOR COURT

| PLAINTIFF / PETITIONER:  CHARLOTTE RILES<br>DEFENDANT / RESPONDENT:  CITY OF FREMONT, et al. | CASE NUMBER:<br>24CV071683 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>10874208 (22666408) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. **[X]**  Summons
   b. **[X]**  Complaint
   c. **[ ]**  Alternative Dispute Resolution (ADR) Package
   d. **[X]**  Civil Case Cover Sheet *(served in complex cases only)*
   e. **[ ]**  Cross-Complaint
   f. **[ ]**  Other *(specify documents)*:
3. a. Party served *(specify name of party as shown on documents served)*:
      CITY OF FREMONT, a Public Entity
   b. **[X]**  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      City Clerk - Person Authorized to Accept Service of Process
4. Address where the party was served:
   3300 Capitol Ave, Fremont, CA 94538
5. I served the party *(check proper box)*
   a. **[ ]**  **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                    (2) at *(time)*:
   b. **[X]**  **by substituted service**. On *(date)*:  Wed, Apr 17 2024          at *(time)*:  10:20 AM          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      Robin Sprague, Person In Charge
      (1)  **[X]**  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2)  **[ ]**  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3)  **[ ]**  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4)  **[ ]**  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
            from *(city)*:                                or **[X]** a declaration of mailing is attached.
      (5)  **[ ]**  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

| | |
|---|---|
| PLAINTIFF / PETITIONER:    CHARLOTTE RILES<br>DEFENDANT / RESPONDENT:    CITY OF FREMONT, et al. | CASE NUMBER:<br>24CV071683 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)   on *(date)*:   (2)   from *(city)*:

   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  ☐  as an individual defendant.

   b.  ☐  as the person sued under the fictitious name of *(specify)*:

   c.  ☐  as occupant.

   d.  ☒  On behalf of *(specify)*:    CITY OF FREMONT, a Public Entity

   under the following Code of Civil Procedure section:

   ☐  416.10 (corporation)                        ☐  415.95 (business organization, form unknown)
   ☐  416.20 (defunct corporation)                ☐  416.60 (minor)
   ☐  416.30 (joint stock company/association)    ☐  416.70 (ward or conservatee)
   ☐  416.40 (association or partnership)          ☐  416.90 (authorized person)
   ☒  416.50 (public entity)                       ☐  415.46 (occupant)
   ☐  other:

7.  **Person who served papers**

   a.  Name:                          Tim Ault
   b.  Address:                       1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954
   c.  Telephone number:             800-938-8815
   d.  **The fee** for service was:   $110.00
   e.  I am:

   (1)  ☐  not a registered California process server.
   (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
   (3)  ☒  a registered California process server:
      (i)   ☐ owner   ☐ employee   ☒ independent contractor
      (ii)   Registration No:   924
      (iii)   County:   Alameda

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   April 17, 2024

Tim Ault
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____
(SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: CHARLOTTE RILES | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: CITY OF FREMONT, et al. | 24CV071683 |

## DECLARATION OF MAILING
(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954.

On 4/17/2024, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Civil Case Cover Sheet, Summons

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

CITY OF FREMONT, a Public Entity
City Clerk - Person Authorized to Accept Service of Process
3300 Capitol Ave
Fremont, CA 94538.

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Date:  4/17/2024

Sandra Alcala
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☒ Other *(Specify):* InfoTrack US, Inc.